BRUCE SCOTT DICKINSON, ESQ.
Nevada Bar No. 002297
**THORNDAL ARMSTRONG, PC**
1100 E. Bridger Avenue
Las Vegas, NV  89101
TEL: (702) 366-0622
FAX: (702) 366-0327
email:  bsd@thorndal.com

Attorneys for Defendants

# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| THOMAS ROBERT FERGUSON, III<br><br>Plaintiff,<br><br>vs.<br><br>JAGJIT SINGH RAI; HAILA TRANSPORT LTD, a foreign entity; DOES 1 through 100; and ROE CORPORATIONS 101 through 200,<br><br>Defendants. | CASE No. 2:23-cv-00737-CDS-VCF<br><br>~~[Proposed]~~ Discovery Plan and Scheduling Order |

Pursuant to FRCP 16(b), FRCP 26, and Local Rule 26-1(e), the parties submit their proposed Discovery Plan and Scheduling Order. Deadlines that fall on a Saturday, Sunday, or legal holiday have been scheduled for the next judicial day. Special scheduling review is NOT requested at this time, however the parties acknowledge that discovery may take longer than 180 days to complete as the defendants reside in Canada. Accordingly, the defendants parties request 180 days of discovery, at this time, marked from the date of the FRCP Rule 26(f) conference.

1. **Meeting**: Pursuant to FRCP Rule 26(f), a meeting was held on May 23, 2023, by Ryan Kerbow, Esq. of Bernstein & Poisson for plaintiff Thomas Robert Ferguson, III.  Bruce S.

1

Dickinson, Esq. of Thorndal Armstrong, PC appeared on behalf of defendants Haila Transport Ltd and Jagjit Singh Rai.

**2.  Statement of the Case:**

This case arises from an automobile incident which occurred on or about January 25, 2022 in Clark County, Nevada.  Defendant Jagjit Singh Rai was in the score and scope of his employment with co-Defendant Haila Transport Ltd when plaintiff alleges Mr. Rai sideswiped his vehicle.

On or about December 15, 2022, counsel for the plaintiff submitted a demand letter to defendants.  The demand letter represented the past medical bills to be $265,642.36. The damages which were alleged include a cervical fusion.

**3.  Initial Disclosures**: The parties will make their pre-discovery disclosures, including but not limited to any Computation(s) of Damages required pursuant to FRCP 26(a)(i)(A)(iii), on or before June 9, 2023.

**4.  Areas of Discovery**: The parties agree that the areas of discovery should include, but not be limited to: all claims and defenses allowed pursuant to the Federal Rules of Civil Procedure, causation, liability, and damages.

**5.  Electronically Stored Information**: The parties understand their responsibilities regarding electronically stored information. There are no pending issues or disputes. All discovery, when practicable, may be produced electronically.

**6.  Claims of Privilege or Protection as Trial-Preparation Material**: The parties do not anticipate submitting a stipulated protective order to govern the disclosure of confidential proprietary documents.

**7.  Changes to Presumptive Limits on Discovery**: The parties do not propose any changes to the presumptive limits in the discovery rules and will cooperate with each other should deviations become necessary.

**8.     Other Orders under Rule 26(c) or Rule 16(b) and (c)**: The parties do not anticipate entering into a stipulated protective order.

**9.     Discovery Plan**: The parties propose the following discovery plan:

**A.     Discovery Cut-off Date(s)**:

Discovery will cut off 180 days from the date of the FRCP 26(f) Conference. The parties jointly request that discovery close on November 20, 2023

**B.     Amending the Pleadings and Adding Parties**:

The parties shall have until August 22, 2023, to file any motions to amend the pleadings to add parties. This is 90 days before the discovery cut-off date.

**C.     FRCP 26(a)(2) Disclosure of Experts**:

Disclosure of experts shall proceed according to FRCP Rule 26(a)(2) and LR 26-1(e)(3) as follows: the disclosure of experts and their reports shall occur on or before September 21, 2023. The disclosure of rebuttal experts and their reports shall occur on or before October 23, 2023. The initial expert disclosure deadline is 60 days before the discovery cut-off date and the rebuttal expert disclosure deadline is 30 days after the initial expert disclosure deadline.

**D.     Dispositive Motions**:

The parties shall have until December 20, 2023, to file dispositive motions. This is 30 days after the discovery cut-off date, as required by LR 26-1(e)(4).

**E.     Pre-Trial Order**:

The parties will prepare a Consolidated Pre-Trial Order on or before January 19, 2024, which is not more than 30 days after the date set for filing dispositive motions in the case, as required by LR 26-1(e)(5). This deadline will be suspended if dispositive motions are timely filed until 30 days after the decision of the dispositive motions or until further order of the Court. The

disclosure required by FRCP Rule 26(a)(3), and objections thereto, shall be included in the pretrial order.

   **F.** **Court Conferences**: If the Court has questions regarding the dates proposed by the parties, the parties request a conference with the Court before entry of the Scheduling Order. If the Court does not have questions, the parties do not request a conference with the Court.

   **G.** **Extensions or Modifications of the Discovery Plan and Scheduling Order**:

  LR 26-4 governs modifications or extensions of this Discovery Plan and Scheduling Order. Any stipulation or motion to extend a deadline set forth in the discovery plan and scheduling order must be made not later than 21 days before the subject deadline. Any stipulation or motion to extend the discovery cut-off period must be made no later than October 30, 2023, 21 days before the discovery cut-off date.

  **10.** **Format of Discovery**: Pursuant to the electronic discovery amendments to the Federal Rules of Civil Procedure effective December 1, 2020, the parties addressed the e-discovery issues pertaining to the format of discovery at the Rule 26(f) conference. The parties do not anticipate discovery of native files or metadata at this time, but each party reserves the right to make a showing for the need of such electronic data as discovery progresses.

  **11.** **Alternative Dispute Resolution:** The parties certify that they have met and conferred about the possibility of using alternative dispute-resolution processes including mediation, arbitration, and if applicable, early neutral evaluation.

  **12.** **Alternative Forms of Case Disposition:** The parties certify that they considered consent to trial by a magistrate judge under 28 U.S.C. section 636(c) and Fed. R. Civ. P. 73 and the use of the Short Trial Program (General Order 2013-01), however, at this time the parties have decided against such use and require a traditional jury trial. The parties will revisit these methods of alternative case disposition as discovery progresses.

**13**.     **Electronic Evidence:** The parties certify that they discussed whether they intend to present evidence in electronic format to jurors for the purposes of jury deliberations. The parties have not reached any stipulations in this regard at this time.

DATED this 6th day of June, 2023.

BERNSTEIN & POISSON

/s/ *Ryan Kerbow*

By:_____
SCOTT L. POISSON
Nevada Bar No.: 10188
RYAN KERBOW
Nevada Bar No.: 11403
320 S. Jones Blvd.
Las Vegas, Nevada 89107
Tel: (702) 256-4566 / Fax: (702)256-6280
ryan@vegashurt.com

Attorneys for Plaintiff

DATED this 6th day of June, 2023.

THORNDAL ARMSTRONG, PC

By:_____
BRUCE SCOTT DICKINSON, ESQ.
Nevada Bar No. 002297
1100 E. Bridger Avenue
Las Vegas, NV  89101
Tel: (702)  366-0622 / Fax: (702)  366-0327
bsd@thorndal.com

Attorneys for Defendants

**THE COURT HEREBY ADOPTS THE PARTIES' JOINT PROPOSED DISCOVERY PLAN.**

**IT IS SO ORDERED:**  _____
**UNITED STATES MAGISTRATE JUDGE**

**DATED:**  6-16-2023

5