# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Thomas Robert Ferguson, III,<br><br>                    Plaintiff,<br><br>vs.<br><br>Jagjit Singh Rai, *et al.*,<br><br>                    Defendants. | Case No. 2:23-cv-00737-CDS-MDC<br><br>**ORDER GRANTING MOTION TO REMOVE ATTORNEY (ECF NO. 57) AND DIRECTING REMAINING COUNSEL TO UPDATE RECORDS** |

Plaintiff filed a *Motion to Remove Attorney* (ECF No. 57) ("Motion"). Plaintiff through his counsel requests to remove Amber N. King, Esq. and Ryan Kerbow, Esq as counsel of record in this matter. *ECF No. 57*. Plaintiff states that Ms. King and Mr. Kerbow are no longer employed by the law office representing plaintiff and that Scott L. Poisson, Esq. and Daniel J. Tafoya, Jr., Esq. will continue to represent plaintiff. *See ECF Nos. 55*, *57*. For good cause shown and because the Motion is not opposed, the Court **GRANTS** the Motion.

The Court further instructs plaintiff's counsel to update their contact information on CM/ECF. The current contact information for both Mr. Poisson and Mr. Tafoya lists that they are affiliated with Bernstein & Poisson. However, the Motion states both counsel are now affiliated with High Stakes Injury Law. *ECF No. 57*.

//

//

//

//

//

//

//

1

ACCORDINGLY,

**IT IS ORDERED that:**

1.  The *Motion to Remove Attorney* (ECF No. 57) is **GRANTED**.

2.  Amber N. King, Esq. and Ryan Kerbow, Esq. are to be removed as counsel of record for plaintiff in this matter.

3.  The Clerk of Court is kindly instructed to please remove Amber N. King, Esq. and Ryan Kerbow, Esq. from CM/ECF Service in this matter

4.  Scott L. Poisson, Esq. and Daniel J. Tafoya, Jr., Esq. shall update their CM/ECF Service contact information by **February 4, 2026**.

DATED: January 21, 2026.

IT IS SO ORDERED.

_____
Hon. Maximiliano D. Couvillier, III
United States Magistrate Judge

## NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any

2

change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.